Liu v. Lynch

BIA
Poczter, IJ
A200 208 177

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of October, two thousand fifteen.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

WENDI LIU,

*Petitioner,*

v.                                                      14-2760
                                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York, New York.

**FOR RESPONDENT:**          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wendi Liu, a native and citizen of China, seeks review of a July 7, 2014, decision of the BIA affirming a May 1, 2013, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wendi Liu,* No. A200 208 177 (B.I.A. July 7, 2014), *aff'g* No. A200 208 177 (Immig. Ct. N.Y. City May 1, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see*

*also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Liu's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the plausibility of the applicant's account and inconsistencies in his statements, so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii)*; see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Liu claims that he was persecuted in China because he had two children in violation of the family planning policy and fears future persecution because Chinese officials discovered that he worshipped at a house church. Substantial evidence supports the agency's adverse credibility determination, based on the finding that aspects of Liu's claim were implausible, the internal inconsistencies in Liu's account, and the discrepancies

between Liu's testimony and that of his witness.

The IJ reasonably found implausible Liu's lack of knowledge regarding the Chinese family planning policy and his inability to explain why he was fined and detained. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). The agency's adverse credibility determination is further supported by Liu's internally inconsistent testimony regarding how often he attended church in the United States and by discrepancies in testimony about his attendance at baptism class. For example, Liu testified that he attended only one baptism class but was nonetheless baptized, while a receptionist at the church testified on Liu's behalf that 12 classes were required for baptism, that no one could be baptized without attending the required classes, and that she knew Liu had attended all 12 required classes. *See Xiu Xia Lin*, 534 F.3d at 167.

Because substantial evidence supports the agency's findings that Liu's claim was implausible and his testimony inconsistent, the totality of the circumstances supports the agency's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167. Further, because the only evidence of a threat to Liu's life

or freedom depended upon his credibility, the agency's finding that he was not credible necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk